## COUNTY OF YORK.

BENJAMIN LORD *versus* JOHN MOODY.

The character in which the parties to a note sign the same is presumed to be correctly exhibited by the writing itself, until the contrary be proved.

ON EXCEPTIONS from *Nisi Prius,* APPLETON, J., presiding.

ASSUMPSIT brought to recover one third part of a sum of money paid by plaintiff as surety with defendant on a note of which the following is a copy:—

"$300.                          "Lebanon, May 5, 1845.

"For value received, we jointly and severally promise to pay the Rochester Bank, or order, three hundred dollars in sixty days and grace.                    "Alpheus Staples,
                                   "William Gerrish,
                                   "Benj. Lord.

"John Moody, surety for the above."

Evidence was offered by the plaintiff and admitted by the presiding Judge, subject to defendant's objection, tending to show that the plaintiff and Gerrish signed the note as sureties with the defendant.

The Judge charged the jury, that as matter of law, he should rule, for the purposes of this trial, that the note on its face not only indicated, but did in law show clearly, that Moody, the defendant, was surety for all the prior signers on said note; that as matter of law, the note was to be regarded as a contract by which all the signers, prior to Moody, were holden as principals to Moody, who was surety for all the above; and that there was no other construction which could be given to said note, consistent with legal principles; and also that the presumption of law was, if the jury looked at the note simply, that it was evident that Moody signed the same as a surety for Staples, Gerrish and Lord; and that no other presumption could legally be drawn from an inspection

of the note; and also that it would not be a legal presumption that said Moody signed the same as surety for Staples alone, although there was evidence that might satisfy them that said Staples received the money for said note, when it was discounted at the bank.

The Judge further instructed the jury, that if they were satisfied from the evidence that Moody, before he signed said note, did actually agree with Lord to sign with him as surety, that the jury might on such evidence, if they deemed it reliable, find for the plaintiff, whatever their impression might be as to the legal rights of the parties deducible from an inspection of the note merely.

The jury found a verdict for defendant.

*Jordan, Eastman & Leland,* for plaintiff.

I. It was competent for plaintiff to prove by parol the relation which Moody sustained to the preceding signers of the note. *Carpenter* v. *King,* 9 Met. 511; *McGee* v. *Prouty,* 9 Met. 155; *Bank* v. *Kent* 4 N. H. 221, 224; *Fernald* v. *Dawley,* 26 Maine, 470; *Warren* v. *Price,* 3 Wend. 397; *Shaw* v. *Burbane,* 3 Comstock, 446.

II. The presiding Judge erred in applying the principles of law to the case at bar.

From the whole tenor of the charge, the jury might suppose, that instead of the plaintiff's using the original note as an instrument of evidence, they were to be governed entirely, in making up their verdict, by the appearance of the note and inferences which might be drawn therefrom.

Particularly it is contended, that the Judge erred in charging the jury, " that as a matter of law, the note was to be regarded as a contract by which all the signers prior to Moody, were holden as principals to Moody, who was surety for all the above, and that there was no other construction which could be given to said note consistent with legal principles." Again, the Judge charged, "that the note on its face, not only indicated, but did in law show clearly, that the defendant was a surety for all the prior signers on the note."

It is a fair presumption, it is contended, to be drawn from the appearance of the note:—

1. That Moody was a surety for that one of the above signers, who should be proved to have been the principal:—

2. That he was surety for either one of the prior subscribers, or—

3. That Moody intended, whatever might be the responsibility assumed by the prior signers, that he, at least, should stand in the relation of surety and not principal, or—

4. That the words "surety for the above," afford no indication of the true and actual relation in which Moody stood to the prior parties to the note.

If this be so, the Judge was not correct in saying, "If the jury looked at the note simply, that it was evident that Moody signed the same as a surety for Staples, Gerrish and Lord, and that no other presumption could be drawn from an inspection of the note."

III. If it was competent for Moody to make himself surety for all the other makers, whose signatures preceded his, the burden of proof was on him to show by extrinsic evidence, that he did so sign the note. *Robinson* v. *Lyle*, 10 Barb. 512.

IV. The note being written, "we jointly and severally promise to pay," a fair presumption arises that Moody intended by the words "surety for the above," "*surety for one or all the preceding parties to the note.*" Bailey on Bills, Ed. of 1853, pp. 66 and 67.

For the equities of the case, the plaintiff also refers to 14 Vesey, Jr., 163; 2 Bos. & Pull. 271, 273; Leading Cases in Equity, vol. 2, part II, p. 390, and cases there cited; *Harris* v. *Brooks*, 21 Pick. 196; *Beeman* v. *Blanchard*, 4 Wend. 432; Story's Eq. Jurisp. vol. 1, p. 545, 546, and § 463; *Taylor* v. *Savage*, 12 Mass. 98; *Anderson* v. *Peirson*, 2 Bailey, 107.

*N. D. Appleton, J. S. Kimball* and *Clifford*, for defendant.

I. The instruction of the presiding Judge, that the note *on its face* indicated and clearly showed that Moody was

---
Lord *v.* Moody.
---

surety for the prior signers of the note, and that, as matter of law, the note was to be regarded as a *contract* by which all the parties, prior to Moody, were holden as principals to Moody, who was surety for all the above; and that, if the jury looked at the note simply, the presumption of law was that Moody signed as surety for Staples, Gerrish & Lord, was correct. Any other construction of the *contract* would be a forced one. *Harris* v. *Brooks*, 21 Pick. 195; *Carpenter* v. *King*, 9 Met. 511; *Harris* v. *Warner*, 13 Wend. 400; *Sesson* v. *Barret*, 2 Com. 400; *Thompson* v. *Saunders*, 4 Dev. & Bett. 404; *Fernald* v. *Dawley*, 26 Maine, 470.

II. While the jury were instructed as to presumptions deducible from the note on its face, they were carefully told, that parol testimony was to be properly considered by them rebutting that presumption, and that in fact, if they believed the testimony going to show a state of things different from what appeared by the note itself, they would find for the plaintiff.

III. The burden of proof was on the plaintiff and not on the defendant, to show in what character the signers of the note placed their names to it. 11 Met. 463; *Powers* v. *Russel*, 13 Pick. 76, 77; *Delano* v. *Bartlett*, 6 Cush. 364; 2 Gray, 529.

IV. It is said, that contribution is a fixed principle of justice, and not founded on contract. The latter part of the position is not maintainable. Burge on Suretyship, 381; *Howe* v. *Ward*, 4 Maine, 195.

The opinion of the Court was delivered by

HATHAWAY, J. — The character in which the parties signed the note is presumed to be córrectly exhibited by it, until the contrary be proved. *Crosby* v. *Wyatt*, 23 Maine, 161. The instructions given were in entire accordance with this principle, and — *The exceptions are overruled and judgment on the verdict.*

TENNEY, C. J., and CUTTING, RICE, and GOODENOW, J. J., concurred.